## UNITED STATES v. PENZA.

### No. 13900.

United States District Court
E. D. Pennsylvania.

Nov. 15, 1949.

Leon H. Fox, Asst. United States Attorney, Philadelphia, Pa., for plaintiff.

William A. Gray, Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

The defendant was tried on a bill of indictment, containing two counts, charging him with concealing assets in a bankruptcy proceeding. At the conclusion of the Government's case, counsel for the defendant made an application for a verdict of acquittal by the Court. The Court permitted the case to go to the jury, but reserved the right to pass upon the motion for acquittal subsequent to the verdict, if necessary, when there would be more time to give the matter the serious consideration it deserves. The jury found the defendant not guilty as to count II, involving certain personal property, and guilty as to count I, involving certain real property. Now counsel for defendant renews his motion for acquittal, and also moves, in the alternative, for a new trial.

The essential question presented for consideration is whether the Government, under count I, made out a case against the defendant, on the basis of which the jury could properly return a verdict of guilty. After a careful review of the voluminous record, I am convinced that the Government met the necessary burden, and that the verdict must not be disturbed.

Specifically, it was the Government's burden to prove, beyond a reason-

able doubt, that the defendant did, on August 25, 1943, conceal from his Trustee in Bankruptcy specified items of real property which he owned or in which he had an interest. The first step in the process of proof was the introduction of a mass of evidence, which will not be detailed here, tending to establish financial contribution by the defendant, toward the purchase of premises, reduction of mortgages and repairs. It is conceded by the defendant that there is evidence in the record that moneys originating from the defendant went into certain of the properties here involved.

■ However, it is certainly true that **a** mere contribution to the purchase of property, unexplained, does not establish an interest in that property on the part of the contributor, in a criminal case. The Government was obliged to prove that the contributions concerning which it offered evidence established an interest, and that such an interest existed on August 25, 1943 when the defendant filed his petition in voluntary bankruptcy. This burden the Government met by introducing into evidence an answer and an amended answer to a bill of complaint, filed in the Court of Common Pleas of Philadelphia County, No. 2, December Term, 1945, No. 2302 in equity. The answer and amended answer tend to prove an admission by the defendant that he had an ownership interest in the relevant properties on the relevant date.

To substantiate further its contention of the existence of an ownership interest in the defendant, the Government introduced evidence of the defendant's activities with respect to those properties, tending to indicate the existence of such an interest. For example, it was established that the defendant took part in negotiations for the purchase of the properties; that he signed an agreement of sale; that in correspondence with a real estate salesman concerning the purchase of certain properties, the defendant held himself out as the prospective purchaser; and that the real estate agency which collected rents for certain of the premises issued checks to the defendant. ■ Of course, all of the Government's evidence was explained in the defense, in-

cluding the defendant's own testimony, in such a manner as to render it consistent with an agency relationship of the defendant to others who actually owned the properties. But the evaluation of all of this evidence and the credibility of the witnesses were for the jury. The case was admittedly based on circumstance, and consequently it was impossible to exclude the semblance of all doubt. But the defendant had a long day in Court and his trial was a fair one. It is conceded that the jury were properly instructed, and it is not to be presumed that they abused their function. They apparently were persuaded, beyond a reasonable doubt, to believe the Government's evidence and to disbelieve that of the defense. Perhaps another jury would have reached a different conclusion. But so long as they had competent evidence on which to base their deliberations, those deliberations are a matter of their own consciences. I am satisfied that there is competent evidence in the record upon which the jury's verdict may rest. And though honest men may differ as to the significance of that evidence, I am constrained to accept the jury's verdict.

Accordingly, the defendant's motions are denied.